May it please the Court, Mr. Watters' base offense level was improperly increased based on the number of victims. T.W. and A.L. are not victims of the offense because they do not fall within the scope of relevant conduct to the offense that Mr. Watters pled guilty to, which was receipt of child pornography from May 2014 to August of 2014. To briefly recap, T.W. involved production that occurred in 2010, when both T.W. and Mr. Watters were 17 years old. Then there is later production of A.L., which occurred in 2013. Based off of this conduct, Mr. Watters was convicted of lascivious acts with a minor in 2013. After this conviction is when the conduct which formed the basis for the federal offense began, specifically in 2014. So for these two earlier victims to fall within the definition, first the conduct must have occurred during the offense, commission of the offense, in preparation for that offense, or in the course of attempting to avoid responsibility or detection for that offense. If not that, solely with respect to offenses which require grouping for multiple counts, it would include all acts or omissions that were part of the same course of conduct or common scheme or plan. Turning to the first definition, the second definition, it couldn't have been within, during the offense of conviction, because T.W. occurred four years earlier, in 2010, and A.L. again occurred a year earlier in 2013. Do you agree this is plain error of you on this one, or just, I mean, you say it is plain error, but in the reply brief, are you... It's not a concession. There is an objection, and I would acknowledge that it is fairly vague in the objections to the PSR. Our position is that, at the very least, it is plain error of you, and that under plain error of you, this was clearly error that requires reversal to the district court. I have that as a preface, because the government argues that, apparently, the videos or whatever of these two victims was then continuously possessed by him through the effects of the offense period, and therefore, the government argues, the production was in preparation for the continuing possession. What's your response under both error review and plain error review? So the guideline at issue wasn't for possession offense, and if it was for, yes, it was, well, the guideline was for production, because there was a cross-reference, he pled guilty to receipt. I think that would... The offense was receipt. Yes, that's correct. And, of course, we're working on the cross-reference, but it has to be in preparation for the receipt offense, right? It would have to be... I understand. I mean, you would favor that. It would have to be in preparation for the receipt or the guideline which applies here, which is production. The reason that TW and AL are being considered a victim, and the question is, when did that exploitation occur? When did... When was the production, and when did it take place, and does that production fall within the scope of relevant conduct to the offense that Mr. Waters pled guilty to, which is receipt of child pornography during that several-month period in 2014? So a later possession or continued possession of a production that occurred years earlier, doesn't that somehow bring in that earlier production to relevant conduct? That's the question. Do you have a favorable case on that question? These child porn racks, they're being awfully heavily litigated all over the country. There is no case exactly on point. The closest that I could find to specifically address that question, our position, of course, first is that it's clear from the plain language of the guidelines which I've just cited, and that it requires that the exploitation occur during the relevant conduct. But the Don case out of the 7th Circuit, there's a footnote where it discusses this length of time and whether that can be considered relevant conduct. But as far as an 8th Circuit case directly on point with this exact argument, I was not able to find one, no. Not even the 10th Circuit? They seem to have a lot of long opinions on this. I was not able to find one exactly on point, Your Honor, and I think it's because it's clear from the language of the guidelines itself. He is under the production guideline. Mr. Waters is being held responsible and being sentenced for production that occurred. That's a cross-reference that they were dealing with. So the relevant question is, when did that production occur? Does that production fall within the definition of relevant conduct? And clear in here, it does not. And turning to the idea of in-preparation, if he was being held responsible and if T.W. and A.L. were considered victims because he possessed it, and if that's the reason that they were considered victims, that might be a different issue. But he's being held responsible and these two minors are considered victims based off of the production conduct. So that the production occurred years earlier and is somehow in preparation for a later possession, he's not being held responsible for the possession. That's not why they're being counted as victims. So the in-preparation for portion of the relevant conduct definition does not apply here. And I don't think it's in dispute, but I want to briefly address, it also does not fall within the second definition. Because it's clear that production offenses are not grouped. And that's the only way we get into whether something is within the same course of conduct or part of the common scheme or plan. If there are no further questions, I would reserve the remainder of my time for rebuttal. Ms. Luxa, you may proceed. Good morning again. May it please the court, counsel? It's the government's position that we aren't even looking at plain error review in this case because the argument about the base offense level being incorrectly calculated was waived. There was no mention of the base of this issue in the objections to the PSR. Prior to sentencing, counsel filed a sentencing memorandum but did not object to the base offense level calculation. And at sentencing, counsel did not mention any issue with the base offense level calculation. In fact, he didn't object to the court's calculation at the sentencing hearing. So it wasn't even a situation where, oh, all of a sudden he recognizes that there's a problem and then he does object. That didn't happen. So I don't even think we're looking at a plain error standard because this issue was waived because it wasn't raised before the district court. While counsel did not address the prior conviction argument regarding Iowa lascivious acts with a minor, I would just say that the court has held that that does qualify for the enhancement because of, under the Sonnenberg case and then Krebs, which was a more recent case, counsel argues in her brief, I apologize, Your Honor, yes, on the prior conviction argument, the enhancement for a prior conviction, yes, I apologize, Your Honor, lascivious acts with a minor. This court has already held in Sonnenberg that the Iowa statute qualifies. And in Krebs, this court, through Judge Colleton, rejected the argument that counsel is making in her brief that the Supreme Court in the Lockhart case somehow requires the court to rethink Sonnenberg. In fact, Judge Colleton said in Krebs, the Supreme Court in Lockhart, however, took no position on the meaning of the terms aggravated sexual abuse, sexual abuse and abuse of sexual conduct. We see no warrant in Lockhart to reconsider Sonnenberg. So it's the government's position that, pursuant to Sonnenberg and Krebs, Mr. Waters' prior conviction, Iowa conviction for lascivious acts does qualify for the enhancement. If there are no further questions, I will conclude. This argument, this preparation, this preparation, production to prepare for later, what, to be a, to warrant the cross-reference, does a, what's the preparation? Articulate your preparation for production, not just continuing receipt, receipt slash possession, because the issue is the cross-reference. That's what I think the proposing counsel is arguing. Yes. It's the government's position that that is, in fact, relevant conduct. The court has identified the indictment as the starting date of the offense, and the prior production facilitated the possession of the images years later in 2015. And I don't think that just because the cross-reference talks about production is necessarily dispositive, because when you're, the guidelines are looking at, and it seems to me that the force of the guidelines in this area is looking at the multitude of victims. The commission seems to be very concerned about the, the number of victims relating to an increased sentence. And here, we have two individuals, granted the production occurred earlier than the production in the indictment, but they're still victims. And I think that the guidelines are broad enough for this court to find that you can produce it, and if you later possess it, then that counts as relevant conduct.  Yes. Thank you. What is your argument, Ms. Quick? I'm lost. It is what Judge Loken articulated, in that these two victims are being held, are increasing Mr. Waters' adjusted offense level. They're being counted as victims because of production that occurred. We're dealing with that cross-reference to that guideline. And the question is, is whether that production falls within the definition of relevant conduct to the offense that Mr. Waters articulated. And so, how do you understand the government's response? Maybe that's what I did not understand, and I don't know why you should have to explain it to me, but how do you explain the government's response to this specific argument? I wasn't entirely clear, but I think it is kind of this idea that somehow, because there's continued possession of it, that somehow brings this earlier production into it. But I don't, our position, of course, is that doesn't have anything to do with whether it's in preparation for, and doesn't answer the question that's necessary to answer for this case, of whether it was in preparation for the conduct which he pled guilty to. That's the essential point. Was it in preparation for that? Yes. And our position is, it was not. And discussing case law earlier, and I went back and looked at my brief, the closest case on point cited in the brief is the Wiener case out of the, it's not out of this circuit, it's out of the Sixth Circuit. And that again dealt with exploitation, and whether victims that were pre-charged conduct could qualify under the relevant conduct guidelines, and could increase the defendant's offense level. And that's the Wiener case out of the Sixth Circuit. Sixth Circuit, yes. And it is cited in the brief, but it, okay. Unpublished, yeah. Federal, 518 Appendix 358. Okay. Yes. So there is case law that is on point, has addressed this issue of relevant conduct, and how we calculate the guidelines when determining what counts as relevant conduct. And to briefly address again this question of waiver, while not conceding that there isn't, the error wasn't preserved, the government's argument is it's a waiver because there's a failure to object. Well, if the court does find there was a failure to object, that's where the plain error rule comes in. Waiver occurs when there's an intentional relinquishment of a known argument or a known right. The idea that the failure to object somehow is an intentional relinquishment just is not supported by the case law. Generally, waiver is found where a defense counsel will stand up at sentencing and say, well, we're going to withdraw that objection, we're not going to challenge that anymore. Or if a defense counsel agrees to something in a plea agreement and then tries to come in at sentencing or on appeal and say, no, that's not right, we're actually objecting to that now. In those circumstances, that's when a waiver is found. Failure to object, which happens, that's why we have the Plain Error Review, and that's when Plain Error Review is appropriate. And, well, the government set out its position on that point on page, well, 9 and 10, so, well, very well. If there are no further questions, we would ask that this court reverse the remand for resentencing. Thank you for the argument.